## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JANUARY LITTLEJOHN**
**and JEFFREY LITTLEJOHN**

    *Plaintiffs*,

v.                               **Case No.: 4:21cv415-MW/MJF**

**SCHOOL BOARD OF LEON**
**COUNTY FLORIDA, et al.,**

    *Defendants*.

_____/

## ORDER REGARDING DISCOVERY

Defendants filed a motion to dismiss Plaintiffs' verified complaint, ECF No. 13, and a motion to stay discovery pending resolution of that motion, ECF No. 19. Plaintiffs served their first set of written discovery requests on Defendant Kathleen Rodgers on or around December 30, 2021, with responses due on or around January 31, 2022. ECF No. 25. Defendant Rodgers has not responded to these requests based on the pending motion to stay discovery. *Id*. Now Defendant Rodgers moves for an extension of time to respond to written discovery requests. ECF No. 23. For the reasons set out below, Defendants' motion to stay discovery, ECF No. 19, is **GRANTED in part** and **DENIED in part**. Defendant Rodgers's motion to extend discovery deadline, ECF No. 23, is **DENIED**.

Plaintiffs do not oppose a stay of discovery as to Defendant School Board of Leon County, Florida, ("School Board") or Defendant Rocky Hanna. ECF No. 26 at 3 ("Plaintiffs have not proceeded with discovery from the other Defendants, and do not object to postponing that discovery until this Court rules on the Motion to Dismiss."). However, Plaintiffs oppose all motions to the extent Defendant Rodgers seeks to stay discovery pending resolution of the motion to dismiss, because Defendant Rodgers is planning to retire this month. *Id*. ("However, Dr. Rodgers' imminent retirement requires preservation of her testimonial and documentary evidence through timely responses to Plaintiffs' written discovery requests."). Plaintiffs cite the potential prejudice they face as a result in the delay in Defendant Rodgers's response to such discovery due to her imminent retirement. *See* ECF Nos. 22 and 26.

This Court is mindful of the Eleventh Circuit's admonition that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). For this reason, Defendants have moved to stay discovery pending this Court's resolution of their motion to dismiss. At the same time, this Court recognizes Defendants' burden to show both good cause and reasonableness to warrant a stay of discovery. *See Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. Sep. 2, 1997) (citation omitted). Determining "reasonableness"

includes balancing "the harm produced by a delay in discovery against the possibility that the motion [to dismiss] will be granted and entirely eliminate the need for such discovery." *Id*. at 653 (citation and quotation marks omitted). Having balanced these concerns, this Court agrees that Plaintiffs are likely to be prejudiced in the event discovery is unduly delayed beyond Defendant Rodgers's retirement date this month. Accordingly, Defendants' motion to stay discovery, ECF No. 19, is **GRANTED in part**. Discovery is stayed as to Defendants School Board and Rocky Hanna. The motion, ECF No. 19, is otherwise **DENIED** as to Defendant Rodgers. Likewise, Defendant Rodgers's motion for extension of time to respond to written discovery requests, ECF No. 23, is **DENIED**. Defendant Rodgers cannot grant her own extension. Instead, she must respond to the written discovery requests on or before Friday, February 11, 2022.

    **SO ORDERED on February 4, 2022.**

                                        s/Mark E. Walker
                                        **Chief United States District Judge**